# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ROGELIO AGUIRRE

**CRIMINAL COMPLAINT**

**MAGISTRATE JUDGE NOLAN**

CASE NUMBER: **07CR 821**

FILED
DEC - 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

(Name and Address of Defendant)

I, Jeremy L. Resar, being duly sworn state the following is true and correct to the best of my knowledge and belief: on or around December 5, 2007, at Chicago, in Cook County, in the Northern District of Illinois, defendant, ROGELIO AGUIRRE, did (Track Statutory Language of Offense)

conspire with others to unlawfully seize, confine, kidnap and hold for ransom Individual 1 and willfully transport Individual 1 from Indiana to Illinois, in interstate commerce,

in violation of Title 18 United States Code, Section(s) 1201(c).

I further state that I am a(n) Special Agent with the Federal Bureau of Investigations and that this complaint is based on the following facts:
*Official Title*

See Attached Affidavit

Continued on the attached sheet and made a part hereof: X Yes ___ No

X _____
Signature of Complainant

Sworn to before me and subscribed in my presence,

December 8, 2007                    at Chicago, Illinois
Date                                City and State

Hon. Judge Nan R. Nolan, U.S. Magistrate Judge     _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

STATE OF ILLINOIS   )
                    )  SS
COUNTY OF COOK      )

## AFFIDAVIT

I, Jeremy L. Resar, being duly sworn, hereby depose and say:

1. I am a Special Agent with the United States Federal Bureau of Investigations. I have been a Special Agent for approximately sixteen months. I am currently assigned to the Chicago Division, South Resident Agency. I investigate violations of federal crimes including kidnapping, drug-related crimes, and firearms offenses.

2. This affidavit is in support of a criminal complaint for ROGELIO AGUIRRE. The information contained in this affidavit is based on my personal knowledge, as well as information provided to me by other law enforcement officers. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the attached complaint, this affidavit does not set forth each and every fact that I have learned during this investigation.

3. On or about December 7, 2007, Individual 2 contacted the Indiana law enforcement officials that his mother had been kidnapped and was being held for a ransom of $50,000. Individual 2 informed the Indiana Law Enforcement officer that he had been received a telephone call from an unknown individual during which he was told of the kidnapping and the ransom. He was allowed to speak with his mother during the call and she confirmed that she had been kidnapped. Indiana law enforcement subsequently obtained the telephone number that Individual 2 had been contacted by and traced the location of that phone to 5214 73rd Street, Apt. 4, Summit, Illinois ("the Apartment"). Chicago law enforcement agents observed Individual 1's vehicle at 5214 73rd Street, Apt. 4, Summit, Illinois. Law enforcement agents then traced the signal of the cellular phone used to contact Individual 2 to the Apartment. Law enforcement agents entered the apartment

and discovered Individual 1, two males identified as CO-CONSPIRATOR A and CO-CONSPIRATOR B.

5. Individual A told law enforcement officers the following information. On December 5, 2007, at approximately 10:00 a.m., Individual 1 was at a service plaza approximately 30 miles from South Bend off the Indiana Toll Road in Indiana. Individual 1 exited the service plaza restaurant and began to walk to her vehicle. As she walked towards her vehicle, Individual 1 noticed a dark colored suburban pull immediately next to her vehicle. She also noticed a man standing near the suburban, later identified as CO-CONSPIRATOR A. When Individual 1 approached her vehicle, a male smoking a cigarette was standing next to her vehicle, later identified as CO-CONSPIRATOR B. When she reached her car, and attempted to open her car door, CO-CONSPIRATORS A and B grabbed her, put her arm behind her back and forced her into the suburban.

6. Once inside the suburban, CO-CONSPIRATOR A instructed Individual 1 that she owed a debt and would be forced to pay. The suburban was driven by a male, later identified as CO-CONSPIRATOR C. CO-CONSPIRATORS B and C transported Individual 1 to the Apartment. CO-CONSPIRATOR A followed CO-CONSPIRATORS B and C in Individual A's car. Once at the Apartment, Individual 1 spoke by cellular telephone with a male, who she believed was AGUIRRE because he identified himself by his known nickname. AGUIRRE informed Individual 1 that she owed a drug debt to the cartel and needed to pay $50,000.00.

7. While at the Apartment, Individual 1 was at all times accompanied by CO-CONSPIRATOR A and CO-CONSPIRATOR B. CO-CONSPIRATORS A and B took Individual 1's shoes and socks. 6.

8. On December 7, 2007, law enforcement agents interviewed CO-CONSPIRATOR A and CO-CONSPIRATOR B regarding Individual 1's kidnapping. After providing both CO-

CONSPIRATOR A and CO-CONSPIRATOR B with their Miranda rights, CO-CONSPIRATOR A and CO-CONSPIRATOR B waived these rights and spoke with law enforcement. CO-CONSPIRATOR A and CO-CONSPIRATOR B confessed to kidnapping Individual 1 on December 5, 2007 and holding her at the Apartment. CO-CONSPIRATORS A AND B agreed to cooperate with law enforcement agents in hopes of receiving credit for their cooperation and provided the following information:

a. CO-CONSPIRATOR A was recruited to participate in a kidnapping by AGUIRRE.

b. CO-CONSPIRATOR A recruited CO-CONSPIRATOR B to participate as well. CO-CONSPIRATORS A and B met with AGUIRRE to discuss the details of the kidnapping. Each was to be pay $3,000 for the kidnapping by AGUIRRE.

c. Once CO-CONSPIRATORS A and B had Individual 1 in their custody, CO-CONSPIRATOR A called AGUIRRE and informed him that they had gotten Individual 1 and were traveling towards the Apartment.

d. At AUGIRRE's direction, CO-CONSPIRATOR A contacted Individual 1's son, Individual 2. CO-CONSPIRATOR A informed Individual 2 that he had Individual 1 and wanted $50,000 in ransom money to release her.

9. Between 9:00 p.m. and 10:30 p.m., on December 7, 2007, under the direction of law-enforcement, CO-CONSPIRATOR A contacted AGUIRRE and informed him that Individual 2 had money and was on his way to the Apartment. This telephone call was recorded. As a result of the call, AGUIRRE stated that he would return to the Apartment.

10. At approximately 10:50 p.m. on December 7, 2007, AGUIRRE returned to the Apartment and was arrested by law enforcement.

11.  Affiant submits that the foregoing evidence establishes probable cause that AGUIRRE conspired with others to unlawfully seize, confine, kidnap and hold for ransom Individual 1 and willfully transport Individual 1 by car from Indiana to Illinois, in interstate commerce, in violation of Title 18, United States Code, Section 1201(c).

Jeremy L. Resar
Special Agent
Federal Bureau of Investigations

Subscribed and sworn before me this 8th day of December 2007.

Nan R. Nolan
United States Magistrate Judge