UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v.              )<br> )<br> )<br>ROGELIO AGUIRRE,           )<br> )<br> )<br> ) | No. 07 CR 821<br><br>Acting Chief Judge Robert W. Gettleman |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME
TO RETURN INDICTMENT OR TO FILE AN INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for a 33-day extension of time, to and including February 9, 2007, in which to seek the return of an indictment or file an information against the defendant Rogelio Aguirre, for the following reasons:

1.    This kidnapping investigation was initiated on December 7, 2007. Defendant Rogelio Aguirre was arrested on December 7, 2007. On December 8, 2007, the government charged Aguirre by way of complaint with conspiring with others to unlawfully kidnap and hold for ransom Individual 1 and willfully transport Individual 1 in interstate commerce, in violation of Title 18, United States Code, Section 1201(c).

2.    The Speedy Trial Act mandates that an indictment or information be filed within 30 days of the date of the defendant's arrest. 18 U.S.C. § 3161(b). Accordingly, the earliest deadline for indictment or information in the case is presently January 7, 2007.

3. The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

4. Given the reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient. The United States estimates that a 33-day extension from the current expiration date of January 7, 2007, to and including February 9, 2007, will be sufficient time within which to return an indictment or information in this matter.

5. The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

  a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

  b. Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161

(h)(8)(B)(iii); and

   c. Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(8)(B)(iv).

 6. The government respectfully submits that the 33-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited in the government's Attachment) exist. The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

 7. Counsel for the government has spoken with Aguirre's attorney, Gabriel B. Plotkin, who has who stated he has no objection to this extension of time for the filing of an information or indictment as long as he receives early discovery, which the government has agreed to provide.

WHEREFORE, the United States respectfully requests a 33-day extension of time from January 7, 2007 to and including February 9, 2007 in which to seek an indictment in this case.

                Respectfully submitted,

                PATRICK J. FITZGERALD
                United States Attorney


By:    /s Marny M. Zimmer
        Marny M. Zimmer
        Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 353-5349

Dated: January 2, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR FILE INFORMATION PURSUANT TO 18 U.S.C. § 3161(h)**

was served on January 2, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, as well as via U.S. mail by placing a copy in the mail on January 2, 2008, on the following party:

Gabriel B. Plotkin
Attorney for Rogelio Aguirre
Federal Defender Program
55 East Monroe, Suite 2800
Chicago, IL 60604

/s Marny M. Zimmer
Marny M. Zimmer
Assistant United States Attorney
Suite 500
219 South Dearborn Street
Chicago, Illinois
(312) 353-5349